IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN McCURDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-cv-0934-MEF |
| | ) | |
| NORMAN IPPOLITO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Complaint. In the Complaint, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 against the various Defendants. Because Plaintiff sought to proceed in this case without the prepayment of the filing fees, this court is obliged to review Plaintiff's complaint pursuant to the dictates of 28 U.S.C. § 1915.

After reviewing the Complaint, the Court ordered Plaintiff to address two areas of concern. First, the court noted that as this is a Title VII case, the individual defendants are properly dismissed. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the act."). The court directed Plaintiff to show cause as to why the individual defendants names in the Complaint should not be dismissed. Second, the court sought clarification from Plaintiff as to whether she intended the State of Alabama

to be a separate defendant from the Alabama Disability Determination Service.

Plaintiff responded to the court's order, indicating that the "State of Alabama" and the Alabama Disability Determination Service are one-and-the-same. However, Plaintiff did not provide cause as to why the individual defendants should not be dismissed.

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the individual defendants, as well as the State of Alabama be DISMISSED as improper parties under this Title VII action, so that only the State of Alabama Disability Determination Service remains, and that this case be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **March 24, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and

shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of March, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE